[Cite as *State v. Driffin*, 2021-Ohio-2264.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109870 |
| v. | : | |
| JAMES DRIFFIN, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 1, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-643877-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Warren W. Griffin, Assistant Prosecuting Attorney, *for appellee.*

Allison S. Breneman, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant James Driffin ("Driffin") appeals his convictions after entering guilty pleas. For the reasons set forth below, we affirm.

## Factual and Procedural History

{¶ 2} In October 2019, a grand jury returned a 23-count indictment against Driffin and his two codefendants. For his part, the grand jury indicted Driffin on three counts of aggravated robbery, with 1-year, 18-month, 3-year, and 54-month firearm specifications, plus a repeat violent offender specification. In addition, the grand jury indicted Driffin on one count each of felonious assault, abduction, having weapons while under disability, and grand theft, with 1-year, 18-month, 3-year, and 54-month firearm specifications attached to each count. At his arraignment, Driffin pled not guilty to the indictment.

{¶ 3} In November 2019, after several pretrial conferences had been conducted, the trial court referred Driffin to the Court Psychiatric Clinic ("the Clinic") for an evaluation to determine his competency to stand trial and his eligibility for the mental health docket. In January 2020, the Clinic requested that the trial court send Driffin to the North Coast Behavioral Health Care Center for a minimum 20-day in-patient competency evaluation. In a report dated January 28, 2020, the clinician concluded that Driffin was competent to stand trial, that he was malingering and feigning his deficiency. The parties stipulated to these findings, and the trial court adopted the clinician's findings and continued the trial date to March 30, 2020.

{¶ 4} On June 24, 2020, after several continuances, Driffin appeared virtually, via Zoom video conferencing, because of the COVID-19 Pandemic. Initially, the hearing was beset by sound difficulties that were later overcome. The

trial court informed Driffin that ten and one-half years would be the minimum sentence, and that he would impose that sentence if Driffin were to presently enter a plea. Driffin indicated that he could not do ten and one-half years, offered to serve eight years, and expressed his desire to go to trial. The trial court set a trial date for August 17, 2020.

{¶ 5} On July 13, 2020, Driffin appeared again, via Zoom video conferencing, and indicated that he was inclined to enter a guilty plea because he had been in jail almost a year and had contracted COVID-19. The state of Ohio detailed a plea offer, focusing on two counts of aggravated robbery, with Driffin serving ten and one-half years, comprised of the 3-year and 54-month firearm specifications being served consecutively to each other, and prior to the three years on the two underlying charges that would be served concurrently.

{¶ 6} After the trial court advised Driffin that he would be sentenced under the Reagan Tokes Law and that he could get a maximum of 15 percent good-time credit if he behaved in prison, the following exchange took place:

> THE DEFENDANT: If I was to cop out and take the ten and a half, I wouldn't necessarily be getting ten and a half then. You all would still charge me first, right?
>
> THE COURT: You would get the ten and a half years. One year credit already, so you're looking at another nine and a half, and you have a potential, if you behave in prison, of knocking off another year and a half which would take it down to eight years. Potentially, eight years.
>
> THE DEFENDANT: Can you repeat that please, sir?
>
> THE COURT: You could, right now if you take a plea, you got another nine and a half years. If you behave in prison, they can knock another year and a half which would reduce it to eight years.

THE DEFENDANT:  Okay.  But I'll cop out to two agg robs.  He said - -

THE COURT:  I would run them concurrent minimum.

THE DEFENDANT:  So where do the gun specs come?

THE COURT:  Each one has a 54-month gun spec.  The other one a 36-month gun specification. By law those gun specifications have to run consecutive to each other.   So you have 90 months of gun specs.

THE DEFENDANT:  So, basically, I have seven and a half years of gun specs, and basically three years for whatever.

THE COURT:  Right.  You got that right.  Correct.

THE DEFENDANT:  So how long - - I - - when we come back?

THE COURT: August 17th we'll set the trial. Do you want to think about it for a week and come back?

THE DEFENDANT:  Yes, sir.

THE COURT:  Let's set it for a pretrial a week from today.

Tr. 27-29.

{¶ 7} On July 29, 2020, pursuant to the aforementioned plea agreement, Driffin pled guilty, and on August 3, 2020, the trial court imposed the prison sentence of ten and-a-half years.

{¶ 8} Driffin now appeals, assigning the following error for review:

### Assignment of Error
Defendant's plea was not voluntary due to substantial participation by the trial court in the plea and incorrect information provided.

## Law and Analysis

{¶ 9} In the sole assignment of error, Driffin argues his guilty plea was not made knowingly, voluntarily, and intelligently and, thus, should be vacated because of the trial court's substantial participation in the plea and in providing incorrect information.

{¶ 10} Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 10, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25; *see also State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996) ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.").

{¶ 11} Crim.R. 11(C) prescribes the process a trial court must follow before accepting a guilty plea to a felony. *Bishop* at ¶ 11, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8. Under Crim.R. 11(C)(2), a trial court shall not accept a guilty plea in a felony case without personally addressing the defendant and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

*Id.*

{¶ 12} The purpose of Crim.R. 11(C) is "'to convey to the defendant certain information so that he [or she] can make a voluntary and intelligent decision whether to plead guilty.'" *State v. Duncan*, 8th Dist. Cuyahoga No. 109310, 2020-Ohio-6740, ¶ 11, citing *State v. Woodall*, 8th Dist. Cuyahoga No. 102823, 2016-Ohio-294, ¶ 12, quoting *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶ 13} In *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, the Ohio Supreme Court addressed a trial court's compliance with Crim.R. 11(C) and how best to review a trial court's plea colloquy to ensure that a defendant's plea is knowingly and voluntarily entered. As a general matter, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)," i.e., that "the plea would not have otherwise been made." *Id.* at ¶ 16. There are, however, two exceptions to this rule: (1) when the trial court "fails to explain the constitutional rights [set forth in Crim.R. 11(C)(2)(c)] that a defendant waives by

pleading guilty or no contest," and (2) "a trial court's complete failure to comply with a portion of Crim.R. 11(C)." *Id.* at ¶ 15.  Under either exception, the defendant is not required to show prejudice.

**{¶ 14}** Importantly, the Supreme Court set forth the following inquiry for courts to employ in examining a challenge to a plea:

> Properly understood, the questions to be answered are simply:  (1) has the trial court complied with the relevant provisions of the rule? (2) if the trial court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Id.* at ¶ 17.

**{¶ 15}** At the plea hearing, in the instant matter, the trial court incorrectly stated that Driffin could get up to 25 percent of earned reduction of minimum prison term ("ERMPT") or "good-time" credit under the Reagan Tokes Law, if he behaved in prison.  Driffin now claims, this misstatement by the trial court has rendered his plea involuntary.  As such, Driffin's implicates Crim.R. 11(C)(2)(a), that requires the trial court to "[d]etermin[e] that the defendant is making the plea voluntarily, with understanding of the * * * maximum penalty involved."

**{¶ 16}** However, the maximum-penalty advisement is not a constitutional requirement. Consequently, neither of the two exceptions to the prejudice requirement apply, and Driffin can prevail only by establishing that he would not have pled guilty but for the trial court's misstatement regarding the amount of good-time credit.  *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at

¶ 22-23. *See also, State v. Brown*, 8th Dist. Cuyahoga No. 109007, 2020-Ohio-4474, 158 N.E.3d 972, ¶ 34 ("If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect."), quoting *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 32.

{¶ 17} Our review reveals that Driffin's objective was to strike an agreement whereby he would serve no more than eight years. As previously stated, the trial court stated that he would impose a sentence of ten and one-half years, and there was significant discussion that, with the almost one year that Driffin had been in jail, along with the 15 percent good-time credit, he would reach that objective if he behaved well. The record also reveals that the trial court stated several times that the good-time credit was 15 percent or equivalent to a reduction of one and one-half years of the ten and one-half-year sentence.

{¶ 18} In addition, immediately preceding the trial court's misstatement, Driffin's defense counsel reiterated that it would amount to a reduction of one-half years. The court then misstated the good-time credit percentage, and the discussion continued as follows:

> THE DEFENDANT: Okay. So how much mandatory time do I have or would I have?
>
> THE COURT: Right now as it stands, you would have nine and-a-half years left. But that - -
>
> THE DEFENDANT: Mandatory. That would be mandatory?
>
> THE COURT: The mandatory time would be the - -

MR. PAGANO:  Seven and-a-half years.

THE COURT:  - - seven and-a-half years on the gun specifications and three and-a-half - - yeah, so that would all be mandatory time.  The ten and-a-half is mandatory.

MR. GRIFFIN:  Not taking into account the one year that he's already - -

THE COURT:  But right now, you have nine and-a-half left.  Okay?

THE DEFENDANT:  But I can get out at eight, though, if I do good?

THE COURT:  Yes, yes.  That's true.

Tr. 32-33.

{¶ 19} Here, even after the trial court's misstatement, Driffin understood that he could get out of prison after serving eight years. As previously stated, Driffin's objective was to serve eight years.  The plea agreement struck with the state and the sentence the trial court imposed allowed Driffin to achieve his stated objective of serving eight years.

{¶ 20} On this record, we find that Driffin is unable to establish any prejudice by the trial court's misstatement.  "Prejudice must be established 'on the face of the record.'" *Dangler,* 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 24, quoting *Hayward v. Summa Health Sys. Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 26.  Without any evidence that the plea would not have otherwise been made, appellant has not established prejudice, and he is not entitled to have his guilty plea vacated for a failure to comply with Crim.R.

11(C)(2)(a). *Brown*, 8th Dist. Cuyahoga No. 109007, 2020-Ohio-4474, 158 N.E.3d 972, at ¶ 35.

{¶ 21} Although we find that Driffin is unable to establish any prejudice by the trial court's misstatement, we recognize that the 15 percent reduction is not guaranteed and arguably should not be heavily factored, if at all, into plea negotiations. The parties should be especially mindful in situations, like the present, involving mandatory sentences, because of the attached firearm specifications, wherein the potential for ERMPT is not applicable. However, despite the misstatement regarding the ERMPT, the trial court did advise Driffin of the mandatory prison terms, and the record demonstrates that Driffin understood that he had nine and one-half years left upon entering the plea.

{¶ 22} Nonetheless, Driffin argues that the trial court's substantial participation in the plea rendered it involuntary.

{¶ 23} Although the Supreme Court of Ohio discourages the trial court's participation in the plea-bargaining process, a plea is not presumptively invalid merely because of such involvement. *State v. Korecky*, 8th Dist. Cuyahoga No. 10838, 2020-Ohio-797, ¶ 8, citing *State v. Bush*, 8th Dist. Cuyahoga No. 106392, 2018-Ohio-4213, ¶ 4, citing *State v. Byrd*, 63 Ohio St.2d 288, 293, 407 N.E.2d 1384 (1980). Instead, an appellate court reviews the entire record to determine if the trial court's conduct could lead a defendant to believe he could not get a fair trial "'because the [trial court] thinks that a trial is a futile exercise or that the [trial court]

would be biased against him at trial.'" *Id.*, citing *Bush* at ¶ 4, quoting *Byrd* at 293-294.

{¶ 24} Having reviewed the record, we see nothing to support Driffin's assertion and nothing by which we could conclude the trial court placed any undue pressure on Driffin. To the contrary, the record reveals the trial court continued Driffin's trial date several times. Of note, when Driffin indicated that he was inclined to enter a plea, the trial court asked if he wanted time to consider; Driffin indicated he needed time, and the trial court scheduled another hearing for a week later.

{¶ 25} After a week to consider his choices, Driffin entered a knowing and voluntary plea. As such, we find nothing in the record to support his assertion.

{¶ 26} Accordingly, we overrule the sole assigned error.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's convictions having been affirmed; any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR