[Cite as *State v. Driffin*, 2022-Ohio-804.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | |
|---|---|
| STATE OF OHIO, | : |
| Plaintiff-Appellee, | : |
| | No. 109870 |
| v. | : |
| JAMES DRIFFIN, | : |
| Defendant-Appellant. | : |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** March 16, 2022

---

Cuyahoga County Court of Common Pleas
Case No. CR-19-643877-A
Application for Reopening
Motion No. 549555

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Callista Plemel, Assistant Prosecuting Attorney, *for appellee.*

Patituce & Associates, L.L.C., and Catherine Meehan, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Applicant, James Driffin, seeks to reopen the appeal in *State v. Driffin*, 8th Dist. Cuyahoga No. 109870, 2021-Ohio-2264. He claims that appellate counsel was ineffective for failing to argue that the indefinite prison sentence

imposed pursuant to the Reagan Tokes Law was unconstitutional. We deny the application for the following reasons.

**<u>Factual and Procedural History</u>**

**{¶ 2}** Driffin entered guilty pleas to two counts of aggravated robbery, one count of abduction, and one count of having weapons while under disability. He was sentenced pursuant to provisions of statutes collectively known as the Reagan Tokes Law. R.C. 2901.011. The sentencing entry indicates Driffin received a sentence of imprisonment of ten and one-half years. His sentence comprised 90 months of imprisonment for specifications served prior to and consecutive with concurrent three-year terms for each count of aggravated robbery. The other sentences were imposed concurrently and did not impact the total aggregate sentence or the issues raised in the present application. The trial court advised Driffin that his sentences for aggravated robbery were indefinite sentences that had a maximum term of up to four and one-half years.[1]

**{¶ 3}** On appeal, Driffin's appellate attorney assigned a single error challenging the voluntariness of his pleas due to allegedly incorrect information given by and the substantial participation of the trial court. *Id.* at ¶ 8. We overruled this assigned error and affirmed his convictions and sentences. *Id.* at ¶ 26-27.

---

[1] In his application, Driffin claims that the Reagan Tokes Law is unconstitutional. He does not claim any individual sentencing errors regarding the way in which his sentences were imposed or otherwise challenge any sentencing errors that may have occurred.

{¶ 4} On September 28, 2021, through counsel, Driffin filed a timely application to reopen his appeal. There, he claimed appellate counsel was ineffective for not assigning the following error:

> Proposed assignment of error: "[The] trial court erred in imposing an indefinite term under the Regan [sic] Tokes Law."

{¶ 5} He argued that appellate counsel should have challenged the constitutionality of the sentencing provisions that are encompassed by the Law. The state filed a timely brief in opposition on October 28, 2021. The state argued that at the plea and sentencing stages Driffin actually wanted the provisions of the Reagan Tokes Law to apply so that he could take advantage of provisions that potentially allowed him to reduce the length of his minimum sentence. The state also argued that Driffin did not object to the imposition of an indefinite sentence in the trial court, so appellate counsel was not ineffective for not raising the issue for the first time on appeal.

**Law and Analysis**

{¶ 6} An application for reopening provides a limited means of asserting claims of ineffective assistance of appellate counsel. The procedure outlined in App.R. 26(B) contemplates a two-step procedure: "'The first stage involves a threshold showing for obtaining permission to file new appellate briefs.'" *State v. Leyh*, Slip Opinion No. 2022-Ohio-292, ¶ 19, quoting *State v. Simpson*, 164 Ohio St.3d 102, 2020-Ohio-6719, 172 N.E.3d 97, ¶ 12, quoting *State v. Murnahan*, 63

Ohio St.3d 60, 66, 584 N.E.2d 1204 (1992) (an applicant must "'put forth a colorable claim of ineffective assistance of appellate counsel'").

> The application for reopening "shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). The burden is on the applicant to demonstrate a "genuine issue" as to whether there is a "colorable claim" of ineffective assistance of appellate counsel. *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998).

*Id.* at ¶ 21.

> Thus, the two-stage procedure prescribed by App.R. 26(B) requires that the applicant seeking permission to reopen his direct appeal show at the first stage that there is at least a genuine issue — that is, legitimate grounds — to support the claim that the applicant was deprived of the effective assistance of counsel on appeal. *See* App.R. 26(B)(5). If that showing is made and the application is granted, the applicant must then establish at the second stage the merits of both the direct appeal and the claim for ineffective assistance of appellate counsel. *See* App.R. 26(B)(9).

*Id.* at ¶ 25.

{¶ 7} A claim of ineffective assistance of appellate counsel is judged using the same standard for claim of ineffective assistance of counsel found in *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Spivey* at 25, citing *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996). Driffin must show a colorable claim of ineffective assistance of appellate counsel, i.e., that appellate counsel was deficient for failing to raise an issue presented in the application, and had counsel done so, there is a reasonable probability of success. *Id.*

{¶ 8} Driffin argues that appellate counsel was ineffective for not raising a constitutional challenge to the indefinite sentence imposed because of the Reagan Tokes Law.

{¶ 9} Appellant was sentenced on August 3, 2020. At that point, no appellate court had found the Reagan Tokes sentencing structure unconstitutional. Appellant's brief in the direct appeal was submitted on November 17, 2020, and any reply brief was due on January 17, 2021. At that point, no appellate court had found the Reagan Tokes Law unconstitutional. Trial counsel cannot be ineffective for failing to predict and argue future changes in the law. *State v. Lucic*, 8th Dist. Cuyahoga No. 91069, 2009-Ohio-5686, ¶ 5.

{¶ 10} In fact, appellate courts that addressed the issue at the time briefs were due in the appeal found the sentencing scheme constitutional (*see, e.g., State v. Wallace*, 2d Dist. Clark No. 2020-CA-3, 2020-Ohio-5109; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048), found the error waived if it was not raised below (*see, e.g., State v. Conant*, 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319; *State v. Stone*, 8th Dist. Cuyahoga No. 109322, 2020-Ohio-5263; *State v. Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991), or found it not yet ripe for review (*see, e.g.,* S*tate v. Manion*, 5th Dist. Tuscarawas No. 2020AP03009, 2020-Ohio-4230; *State v. Maddox*, 6th Dist. Lucas No. CL-19-1253, 2020-Ohio-4702).[2]

---

[2] A Hamilton County common pleas court judge found the act to be unconstitutional in a decision issued on November 20, 2019. *State v. Daniel*, 2021-Ohio-1963, 173 N.E.3d 184, ¶ 7 (8th Dist.), citing *State v. O'Neal*, Hamilton C.P. No. B 1903562

**{¶ 11}** Further, Driffin never objected to the imposition of an indefinite sentence during the sentencing hearing. The failure to raise the constitutionality of the Reagan Tokes Law at the first opportunity generally forfeits later review of the issue. *See generally State v. Awan*, 22 Ohio St.3d 120, 122-123, 489 N.E.2d 277 (1986). Courts have discretion to review forfeited constitutional challenges for plain error. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15. "[A] forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3.

**{¶ 12}** This court has declined to address the constitutionality of the Reagan Tokes Law when a challenge to the law was not first raised in the trial court. *Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991, ¶ 48; *State v. Young*, 8th Dist. Cuyahoga No. 108868, 2020-Ohio-4135; *State v. Hollis*, 8th Dist. Cuyahoga No. 109092, 2020-Ohio-5258; *State v. Stone*, 8th Dist. Cuyahoga No. 109322, 2020-Ohio-5263; *State v. White*, 8th Dist. Cuyahoga No. 109652, 2021-Ohio-126; *State v. Jenkins*, 8th Dist. Cuyahoga No. 109323, 2021-Ohio-123; *State v. Nicholson*, 8th Dist. Cuyahoga No. 110522, 2022-Ohio-374; *State v. Medina*, 8th Dist. Cuyahoga No. 109693, 2021-Ohio-1727.

---

(Nov. 20, 2019). A Cuyahoga County Common Pleas judge found the law unconstitutional on February 12, 2020. *State v. Sealey*, 8th Dist. Cuyahoga No. 109670, 2021-Ohio-1949, ¶ 2, *overruled on other grounds, Delvallie, infra*.

**{¶ 13}** Even if we, in exercising our discretion, would entertain the argument, this court, sitting en banc, has found the Reagan Tokes Law to be constitutional. *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. In *Delvallie*, this court overruled claims that the Law was unconstitutional based on separation-of-powers principles, the Sixth Amendment right to trial by jury, and the possibility that more than the minimum sentence may be required to be served under the shroud of a hearing before the Ohio Department of Rehabilitation and Correction where due process rights may not be observed.

**{¶ 14}** Driffin does not advance any specific grounds on which the Reagan Tokes Law founders, but generally claims it to be unconstitutional. To date, appellate courts in Ohio have determined that not to be the case, and Driffin has not raised a novel argument. Therefore, appellate counsel was not ineffective for failing to raise this issue at the time of the appeal. There is no reasonable probability that raising the issue in the direct appeal would have resulted in success.

**{¶ 15}** Application denied.

_____
EMANUELLA D. GROVES, JUDGE

CORNELIUS J. O'SULLIVAN, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

N.B. Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.