[Cite as *State v. Alexander*, 2020-Ohio-3838.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-12-204 |
| | : | O P I N I O N |
| - vs - | | 7/27/2020 |
| | : | |
| JUWUAN MARQUIS ALEXANDER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2019-05-0745

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 S. Second St., #305, Hamilton, Ohio 45011, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, Juwuan Marquis Alexander, appeals from his conviction in the Butler County Court of Common Pleas after he pled guilty to one count of aggravated robbery. For the reasons outlined below, we affirm.

{¶ 2} On November 4, 2019, Alexander entered a plea agreement and pled guilty to one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony.

According to the bill of particulars, the charge arose after Alexander "brandished an operable .40 caliber Glock 22 firearm and stole a Playstation (sic) Console and games" from the victim. The bill of particulars alleges the robbery occurred at approximately 3:00 p.m. on May 1, 2019 at the victim's home located on Chapel Hill Drive, Fairfield, Butler County, Ohio.

{¶ 3} After engaging Alexander in the necessary plea colloquy, the trial court accepted Alexander's guilty plea upon finding Alexander had entered his plea knowingly, intelligently, and voluntarily. As part of this plea colloquy, the trial court advised Alexander of how the "sentencing scheme [was] going to work" due to recent changes in the law resulting from the enactment of the Reagan Tokes Law, Am.Sub.S.B. No. 201, effective March 22, 2019. Specifically, the trial court advised Alexander as follows:

> THE COURT: * * * First of all, you do need to understand [that] on this felony 1 aggravated robbery, it is presumed that I am going to send you to prison. It's not mandatory, but the law is presumed strongly that that is what's going to happen. If I do send you to prison, the minimum term that you would serve is a range between 3 years and 11 years, okay. * * * Now that's the minimum amount of time.
>
> THE DEFENDANT: Uh-huh.
>
> THE COURT: Assuming that you go to prison and you do everything you're supposed to do, you don't get in any trouble and whatever, and the DRC doesn't find it necessary to do otherwise * * * that would be the amount of time that you would spend in prison.[1]
>
> THE DEFENDANT: Okay.
>
> THE COURT: However, if they find it necessary to keep you because of conduct issues or there's a whole bunch of statutory factors they have to look at, at the end of your minimum term, they could decide that it is necessary to keep you longer than that.

---

1. The term "DRC" used by the trial court at the plea hearing is a shorthand reference to the Ohio Department of Rehabilitation and Correction.

{¶ 4} The trial court then gave Alexander examples of how this could impact the total amount of time that he could spend in prison if he was sentenced to the best-case scenario, a minimum of three years in prison, or to the worst-case scenario, a minimum of 11 years in prison. *See* R.C. 2929.14(A)(1)(a). As for the worst-case scenario, a minimum 11-year prison term, the trial court advised Alexander as follows:

> THE COURT: * * * If I give you a minimum sentence of 11 years, you did everything you're supposed to do, in 11 years, you get out. If you don't do what you're supposed to do, the DRC decides that they need to keep you longer, you could end up spending 16-1/2 years in prison on this, because it would be 11 years plus half of that is 5-1/2. That's how it comes to 16-1/2, okay. Do you understand how that works?
>
> THE DEFENDANT: Yes sir.

{¶ 5} On December 2, 2019, the trial court held a sentencing hearing and sentenced Alexander to an indefinite term of eight to 12 years in prison; eight years being the minimum presumed term that Alexander would serve in prison pursuant to R.C. 2967.271(B). Noting that this sentence was being imposed pursuant to the newly enacted Reagan Tokes Law, the trial court explained to Alexander that he would be serving a "minimum term" of eight years in prison, but that he could "end up serving a sentence up to 12 years, depending on [his] behavior in prison." Alexander did not object to his sentence, nor did Alexander raise any constitutional challenge to the Reagan Tokes Law either before or after the trial court issued its sentencing decision. Alexander now appeals, raising the following single assignment of error for review.

{¶ 6} THE TRIAL COURT IMPROPERLY PRESUMED THAT OHIO REVISED CODE 2967.271 IS CONSTITUTIONAL.

{¶ 7} In his single assignment of error, Alexander argues that the Reagan Tokes Law, specifically, R.C. 2967.271, is unconstitutional in that it "allows prison officials and not the sentencing court" to "justify the imposition of additional time of incarceration," thereby

violating his due process rights guaranteed to him by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

{¶ 8} However, as noted above, Alexander never raised this issue with the trial court. It is well established that "'the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court.'" *State v. Buttery*, Slip Opinion No. 2020-Ohio-2998, ¶ 7, quoting *State v. Awan*, 22 Ohio St.3d 120, 122 (1986). Therefore, by not first raising the issue with the trial court, Alexander's arguments challenging the constitutionality of R.C. 2967.271 are forfeited and will not be heard for the first time on appeal. *State v. Garcia*, 12th Dist. Madison No. CA2019-11-030, 2020-Ohio-3232, ¶ 19 (appellant's failure to challenge the constitutionality of a statute with the trial court "forfeits the issue and this court need not address it for the first time on appeal"); *see, e.g., State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 20 (declining to decide the constitutionality of a statute, or whether the application of the statute constituted plain error, "because those issues have not been properly raised or presented"). Accordingly, having forfeited his constitutional challenge to R.C. 2967.271 by not first raising the issue with the trial court, Alexander's single assignment of error lacks merit and is overruled.

{¶ 9} Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.