[Cite as *State v. Dames*, 2020-Ohio-4991.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

    v.                                       :

ANTHONY DAMES,                          :

    Defendant-Appellant.         :

No. 109090

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 22, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-639052-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Amanda Hall, and Gregory Ochocki, Assistant Prosecuting Attorneys, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant, Anthony Dames ("Dames"), appeals his sentence imposed pursuant to the Reagan Tokes Act. The sole issue before us is the

constitutionality of the statute; we find that Dames has not preserved this issue for appeal, and for the following reasons, we affirm.

**The Reagan Tokes Act**

{¶ 2} Senate Bill 201, commonly known as the Reagan Tokes Act, became effective on March 22, 2019.[1] The statute returns an indefinite sentencing scheme to Ohio for certain qualifying offenses. All first- and second-degree felonies committed after March 22, 2019, that are not already carrying a life sentence are considered qualifying offenses. When confronting a nonconsecutive or concurrent sentence, the Reagan Tokes Act first requires the sentencing judge to impose an indefinite sentence with a minimum term selected by the judge. The judge must also impose a maximum term predetermined pursuant to a statutory formula set forth in R.C. 2929.144. The maximum term is 50% of the minimum term plus the minimum term. An offender sentenced under Reagan Tokes has a rebuttable presumption of release at the conclusion of his minimum term. However, at the conclusion of his minimum term, the Ohio Department of Rehabilitation and Correction ("ODRC"), must hold a hearing and may rebut the presumption of release.

{¶ 3} At the hearing, the ODRC must make specific findings to justify keeping the offender beyond the presumptive release date up to the maximum

---

[1] The bill is named after a young woman, Reagan Tokes, a 21-year-old senior at the Ohio State University. She was raped and murdered on February 8, 2017. Her assailant had recently been released from prison on parole after serving six years on a rape conviction; he had over fifty institutional violations from five different prisons over the course of his incarceration.

sentence. In the instant case, Dames has a minimum sentence of seven years, and a maximum sentence of ten and a half years, the ODRC may make specific findings and hold Dames up to three and a half years more than his minimum term until the conclusion of the maximum term.

{¶ 4} Pursuant to R.C. 2967.271(C), the ODRC must find that one of the following three conditions applies in order to hold an offender beyond the minimum term:

(1) Regardless of the security level in which the offender is classified at the time of the hearing, both of the following apply:

(a) During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of a state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that the offender has not been rehabilitated.

(b) The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in division (C)(1)(a) of this section, demonstrate that the offender continues to pose a threat to society.

(2) Regardless of the security level in which the offender is classified at the time of the hearing, the offender has been placed by the department in extended restrictive housing at any time within the year preceding the date of the hearing.

(3) At the time of the hearing, the offender is classified by the department as a security level three, four, or five, or at a higher security level.

{¶ 5} While the ODRC may exercise its discretion to keep an offender imprisoned, it also may exercise its discretion to demonstrate that the offender merits early release, as long as the offender is not disqualified due to his security level. Under the Reagan Tokes Act, the ODRC must draft administrative rules that credit inmates who demonstrate appropriate conduct with "earned reduction of minimum prison term" ("ERMPT"). ERMPT can reduce the minimum term between 5 and 15%. There is a rebuttable presumption that the offender gets the ERMPT credit once the ODRC requests it for the inmate.

{¶ 6} The trial court will hold a hearing where the victim of the crime and the state of Ohio can present arguments that the offender should stay in prison. The trial court must then make findings to rebut the presumption; otherwise the ERMPT is considered earned.

{¶ 7} We turn now to the particulars of Dames's case.

**Facts**

{¶ 8} This appeal arises from the arrest of Anthony Dames on April 12, 2019, a period following the effective date of the Reagan Tokes Act. As a result, Dames is one of the first individuals in Cuyahoga County to qualify for sentencing under the statute.

{¶ 9} On April 29, 2019, the Grand Jury returned a six-count indictment for Dames. On May 2, 2019, Dames pled not guilty to the indictment. On July 22, 2019, Dames retracted his not guilty plea and pled guilty to four counts: felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(1); felonious assault,

a second-degree felony in violation of R.C. 2903.11(A)(2); attempted felonious assault, a third-degree felony in violation of R.C. 2923.02 and 2903.11(A)(2) as amended in the indictment; and domestic violence, a fourth-degree felony in violation of R.C. 2919.25(A). All counts merged and the state elected to proceed to sentencing on count 1, second-degree felonious assault.

{¶ 10} On September 9, 2019, the court sentenced Dames pursuant to the Reagan Tokes Act. The trial court judge informed Dames that he was being sentenced under the new indefinite sentencing scheme to a minimum term of seven years with an indefinite maximum term of ten and a half years. Pursuant to the statute, the court accurately advised Dames that there was a rebuttable presumption that he would be released at the end of his minimum term, but that the ODRC would hold a hearing and could exercise its discretion to continue to keep Dames imprisoned up to three and a half years until the end of the maximum term.

{¶ 11} Dames did not object to his sentence nor raise any constitutional challenge to the Reagan Tokes Act at any point during his sentencing hearing. He is now appealing the constitutionality of the statute, presenting a single assignment of error.

<u>Assignment of Error I</u>

As amended by the Reagan Tokes Act, the Revised Code's sentences for first and second degree qualifying felonies violate the constitutions of the United States and the state of Ohio.

**Analysis**

{¶ 12} After careful consideration, we find that Dames has failed to preserve his claim challenging the constitutionality of the Reagan Tokes Act, and we decline to review his challenge as a result.

{¶ 13} "[T]he question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *State v. Buttery*, Slip Opinion No. 2020-Ohio-2998, ¶ 7, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986). Dames's failure to raise a constitutional challenge at the trial court level forfeits the argument. *Buttery* at ¶ 7, *see also State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838. Further, Dames failed to make an argument that plain error occurred.

{¶ 14} Even if the appellant failed to object to the constitutionality of the statute at the trial-court level, appellate courts may still review a trial court decision for plain error. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. However, in order to review for plain error "we require a showing that there was an error, that the error was plain or obvious, that but for the error the outcome of the proceeding would have been otherwise, and that reversal must be necessary to correct a manifest miscarriage of justice." *Buttery* at ¶ 7. Dames did not make any plain error showing for this court to review.

{¶ 15} Despite Dames's forfeiture and his lack of a plain error showing, we may still review this challenge; appellate courts have the discretion to consider constitutional challenges to the application of statutes despite forfeiture "where the rights and interests involved may warrant it." *Quarterman* at ¶ 16, quoting *In re*

*M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus. The Second District has reviewed a challenge to Reagan Tokes where the defendant failed to object at the trial level; nevertheless the court exercised its discretion and found Reagan Tokes constitutional. *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150. However, while we recognize that we have the authority to review Dames's challenge, we decline to exercise our discretion for three reasons.

{¶ 16} First, we are conscious that when considering the constitutionality of a statute, we presume constitutionality. *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 36, citing *State v. Thompkins*, 75 Ohio St.3d 558, 560, 664 N.E.2d 926 (1996). We note as an aside that our sister courts, presuming constitutionality, have reviewed challenges to the Reagan Tokes Act and found that the statute did not violate due process rights or infringe on the separation of powers. *See State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592.

{¶ 17} Second, the Ohio Supreme Court has observed that justice is better served when there is a lower court decision to consider. *Sizemore v. Smith*, 6 Ohio St.3d 330, 333, 453 N.E.2d 632 (1983), fn. 2. Dames did not object, so the lower court did not have the opportunity to rule on the constitutionality of the statute.

{¶ 18} Third, Dames did not raise any plain error arguments for us to address.

{¶ 19} Given the lack of presentment to the trial court and the absence of plain error arguments, we decline to address the constitutionality of the Reagan Tokes Act as to this case.

{¶ 20} Finally, we note that some of our sister courts have found that challenges to the Reagan Tokes Act are not yet ripe for review. *See State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227; *State v. Manion*, 5th Dist. Tuscarawas No. AP 03 0009, 2020-Ohio-4230; *State v. Kibler*, 5th Dist. Muskingum No. CT2020-0026, 2020-Ohio-4631; *State v. Maddox*, 6th Dist. Lucas No. CL-19-1253, 2020-Ohio-4702; *see also State v. Conant*, 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319 (declining to review a Reagan Tokes Act challenge where the defendant did not present a plain error argument and the defendant did not address whether his challenge was ripe.) Inherent in a challenge to the Reagan Tokes Act is a challenge to the executive branch's authority to hold defendants beyond the end of the minimum term and the presumption of release. The Fifth and Sixth Districts have found that because the defendant had not yet served their minimum term and been imprisoned for all or a portion of the maximum term by the executive branch, there was no injury and therefore nothing for the courts to do.

{¶ 21} The state argued that this issue was not yet ripe for our review. However, we decline to rule on that issue because we have already found that it is not proper for us to review Dames's constitutional challenge for alternative reasons.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
RAYMOND C. HEADEN, J., CONCUR