[Cite as *State v. White*, 2021-Ohio-126.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109652 |
| v. | : | |
| ADRIAN W. WHITE, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 21, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-640744-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Janna R. Lifford, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Robert McCaleb, Assistant Public Defender, *for appellant.*

MARY J. BOYLE, A.J.:

{¶ 1} Defendant-appellant, Adrian White, appeals his sentence. He raises the following sole assignment of error:

As amended by the Reagan Tokes Act, the Revised Code's sentences for first and second degree qualifying felonies violate the Constitutions of the United States and the State of Ohio.

{¶ 2} Finding no merit to his appeal, we affirm his sentence.

## I. Procedural History and Factual Background

{¶ 3} White was indicted on 11 counts in July 2019, for offenses that occurred on April 15, 2019, including two counts each of trafficking, drug possession, and felonious assault with furthermore clauses that the victim was a peace officer, and one count each of failure to comply with an order or signal of a police officer, improperly handling firearms in a motor vehicle, carrying a concealed weapon, possessing criminal tools, and resisting arrest. Many of the counts carried forfeiture and firearm specifications.

{¶ 4} On the same day in March 2020, the trial court held a plea and sentencing hearing. White pleaded guilty to an amended indictment of seven counts, including Counts 1 and 2, felonious assault in violation of R.C. 2903.11(A)(2) without the furthermore clauses that the victim was a peace officer, second-degree felonies; Count 3, failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), a third-degree felony; Count 4, improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), a fourth-degree felony; Count 8, trafficking in violation of R.C. 2925.03(A)(2) without a one-year firearm specification but with forfeiture specifications, a fifth-degree felony; Count 10, possessing criminal tools in violation of R.C. 2923.24(A) with forfeiture specifications, a fifth-degree felony; and Count 11, resisting arrest in violation of R.C.

2921.33(A), a second-degree misdemeanor.  The remaining counts were nolled.  As part of his plea, White agreed to forfeit two cell phones, a firearm, a digital scale, ammunition, and $1,830.  The state and White also agreed to a joint-sentence recommendation of a minimum of five years to a maximum of seven-and-a-half years in prison.  White also agreed that he would not be judicially released before spending five years in prison.

{¶ 5} The trial court sentenced White as follows: four to six years in prison for Count 1, felonious assault; four to six years for Count 2, felonious assault; 12 months for Count 3, failure to comply with an order or signal of a police officer; ten months for Count 4, improperly handling firearms in a motor vehicle; six months for Count 8, trafficking; six months for Count 10, possessing criminal tools; and 90 days in jail for Count 11, resisting arrest.  The trial court ordered that Count 3 be served prior to and consecutive to Counts 1, 2, 4, 8, 10, and 11, which will run concurrent to each other, for an aggregate sentence of a minimum of five and a maximum of six years in prison.  The trial court also notified White that he would be subject to a mandatory period of three years of postrelease control upon his release from prison.  It is from this judgment that White now appeals.

## II. Reagan Tokes Act

{¶ 6} In his sole assignment of error, White argues that Ohio Revised Code sentencing provisions as enacted by Am.Sub.S.B. No. 201, commonly known as the Reagan Tokes Act, are unconstitutional.  He claims that the Reagan Tokes Act

violates (1) the constitutional right to a trial by jury, (2) the separation-of-powers doctrine, and (3) due process.

**{¶ 7}** First, White's sentence is not reviewable because his sentenced was authorized by law, and the trial court sentenced him within the jointly recommended sentencing range. *State v. Williams*, 8th Dist. Cuyahoga No. 109091, 2020-Ohio-4467, ¶ 32.

**{¶ 8}** Second, even if White could challenge his sentence, he did not object to his sentence or raise a constitutional challenge to the Reagan Tokes Act at his sentencing hearing. "It is well established that 'the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court.'" *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8, quoting *State v. Buttery*, Slip Opinion No. 2020-Ohio-2998, ¶ 7.

**{¶ 9}** This court has recently declined to address constitutional challenges to the Reagan Tokes Act when defendants did not object to their sentences or otherwise raise the constitutionality of the act at their sentencing hearing. *See State v. Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991, ¶ 12-19; *State v. Hollis*, 8th Dist. Cuyahoga No. 109092, 2020-Ohio-5258, ¶ 47-54; and *State v. Stone*, 8th Dist. Cuyahoga No. 109322, 2020-Ohio-5263, ¶ 6-10. We therefore decline to address White's constitutional arguments raised for the first time on appeal.

**{¶ 10}** Although this court has the discretion to review arguments that were not raised in the trial court for plain error, we decline to do so here. As we noted in *Dames*:

> Even if the appellant failed to object to the constitutionality of the statute at the trial-court level, appellate courts may still review a trial court decision for plain error. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. However, in order to review for plain error "we require a showing that there was an error, that the error was plain or obvious, that but for the error the outcome of the proceeding would have been otherwise, and that reversal must be necessary to correct a manifest miscarriage of justice." Dames did not make any plain error showing for this court to review.

*Id.* at ¶ 14; *see also Hollis* at ¶ 50 ("Furthermore, like *Dames*, appellant failed to raise a plain error argument in this appeal, and we decline to construct a plain error argument on appellant's behalf."); *Stone* at ¶ 10 ("In addition to failing to raise a constitutional challenge of the Reagan Tokes Act in the trial court, Stone also has not argued plain error in this appeal. Thus, we decline to address this issue for the first time on appeal.").

**{¶ 11}** Accordingly, White's sole assignment of error is overruled.

**{¶ 12}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
MARY EILEEN KILBANE, J., CONCUR