[Cite as *State v. Parsons*, 2022-Ohio-619.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                        No. 109443

v.                                      :

RUSSELL PARSONS,                        :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 3, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-640143-B

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and David Elias, Assistant Prosecuting Attorney, *for appellee.*

Erin R. Flanagan, Esq., Ltd., and Erin R. Flanagan, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Russell Parsons ("Parsons"), appeals his sentence. He raises the following two assignments of error for our review:

1. The trial court erred by sentencing appellant Parsons to prison without considering the statutory factors contained in R.C. 2929.11 and/or 2929.12.

2. Appellant's Parsons'[s] sentence is contrary to law because he was sentenced pursuant to the Reagan Tokes Law (S.B. 201), which is unconstitutional.

{¶ 2} For the reasons set forth below, we affirm the trial court's judgment.

## I. Procedural History and Factual Background

{¶ 3} In May 2019, Parsons was indicted on eight counts relating to an aggravated robbery that occurred in Cleveland earlier the same month.[1] In October 2019, Parsons pled guilty to an amended Count 1, aggravated burglary, with a three-year firearm specification and forfeiture specification, which was amended by the deletion of a one-year firearm specification; amended Counts 2 and 4, aggravated robbery, with a forfeiture specification, which were amended by the deletion of one- and three-year firearm specifications; amended Counts 3 and 5, abduction, with a one-year firearm specification and forfeiture specification, which were amended by the deletion of a three-year firearm specification; and Count 8, having a weapon while under disability, with a forfeiture specification. Counts 6 and 7 were nolled.

{¶ 4} The trial court proceeded directly to sentencing. The victim spoke to the court. He told the court that he knew the defendants from the neighborhood and had tried to help them in the past. With respect to Parsons, the victim said he considered Parsons to be "like family" and "couldn't believe" that he did this to him.

---

[1] Parsons was indicted with codefendant, Jonathan Rivera, who has not filed an appeal as of the date of this opinion.

The victim said that he had post-traumatic stress disorder ("PTSD") from this event. He thought he was going to die on the day of the aggravated robbery. He said the defendants held a gun to his head for 20 to 25 minutes that day. The victim said that he is still affected by the crime. He wakes up scared and shaking. If he hears a noise, he thinks someone has a gun. The victim had been going to counseling to help with his PTSD. The victim told the court that he would not be "okay with" the defendants getting only six or eight years in prison because they "damned near took" his life and "had [him] kidnapped in [his] own home." The victim said that he owns a barbershop and that he and his clients are "at ease" that Parsons's codefendant was in jail. The victim also stated that Parsons was part of the codefendant's "crew of friends" who are known for aggravated robbery.

{¶ 5} The state informed the court that when police arrived, two officers saw and heard the defendants robbing two victims at gunpoint. They heard the defendants threatening the victims and called for backup. Parsons's codefendant took the other victim out of house to a nearby ATM machine to withdraw money and was caught by police during the act. The state asked for a sentence that was more than the minimum.

{¶ 6} Defense counsel explained to the court that Parsons did not make any excuses for his actions and accepted responsibility immediately. Defense counsel asked for the minimum sentence because it would enable him to get rehabilitated.

{¶ 7} Parsons apologized to the court and the victims. He asked the victims to forgive him.

{¶ 8} The trial court said that before deciding what sentence to impose, it considered R.C. 2929.11 and 2929.12, the presentence-investigation report, oral statements made at the sentencing hearing, the fact that Parsons did not have an extensive criminal history, and that although the defendants threatened harm to the victims, they did not physically harm them.

{¶ 9} The trial court sentenced Parsons to a minimum of 7 years and maximum of 8.5 years in prison. In its sentencing journal entry, the trial court stated:

> The gun specifications in Counts 3 and 1 are to run consecutive to each other, for a total of 4 years of gun specifications. The gun specification in Count 5 is to run concurrent to the gun specifications in Counts 1 and 3, for a total term of 4 years of gun specifications. The 4 years of gun specifications are to be served prior to and consecutive to the underlying sentence of a minimum of 3 years and a maximum of 4.5, for a total of 7 to 8.5 years. The defendant is sentenced in Count 1 to 3 years (with a maximum of 4.5 years), 3 years in Count 2, 3 years in Count 3, 3 years in Count 4, 3 years in Count 5, and 3 years in Count 8. The counts are to run concurrent to each other, for a total term of 7 to 8.5 years.

The trial court also ordered Parsons to forfeit the firearms, notified Parsons that he would be subject to a mandatory period of five years of postrelease control upon his release from prison, and imposed court costs. It is from this judgment that Parsons now appeals.

## II. Law and Analysis

### A. R.C. 2929.11 and 2929.12

{¶ 10} In his first assignment of error, Parsons argues that the trial court failed to consider R.C. 2929.11 and 2929.12 when sentencing him.

{¶ 11} "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions[,] [b]ut R.C. 2929.11 and 2929.12 are not among the statutory provisions listed" in this provision. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 28.

{¶ 12} Parsons maintains that the trial court "never even mentioned" the factors set forth in R.C. 2929.11 and 2929.12 at the sentencing hearing.  It has long been held, however, that while a sentencing court must consider the sentencing factors set forth in R.C. 2929.11 and 2929.12, Ohio law does not require them to mention these factors at the sentencing hearing or make any findings on the record. *Jones* at ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).  Moreover, the trial court here stated at the sentencing hearing that it considered R.C. 2929.11 and 2929.12.  Therefore, we do not have to wonder whether it complied with the mandates of the statute.  The trial court further considered mitigating factors from R.C. 2929.12 explicitly on the record, including the fact that the victims were not physically harmed and that Parsons did not have an extensive criminal record.  *See* R.C. 2929.12(C)(3) and (E)(3).

{¶ 13} We also note that Parsons received a significantly lower sentence than he could have.  Parsons was convicted of multiple first-degree felonies with the use of a firearm as well as three third-degree felonies.  Without even considering Reagan Tokes, first-degree felonies carry a possible maximum sentence of 11 years each.

Third-degree felonies carry a possible maximum sentence of 9 to 36 months each. Additionally, the trial court could have ordered the sentences for each offense to be served consecutively if it had made the findings under R.C. 2929.14(C)(4). It is evident from the record that the trial court certainly considered not only the mitigating factors present but also "[t]he overriding purposes of felony sentencing," including protecting the public from future crime by the offender, punishing the offender, and promoting "the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). Accordingly, we find Parsons's arguments that the trial court failed to consider R.C. 2929.11 and 2929.12 unpersuasive.

{¶ 14} Parsons's first assignment of error is overruled.

## B. Reagan Tokes Act

{¶ 15} In his second assignment of error, Parsons argues that the Reagan Tokes Act is unconstitutional on its face. Parsons contends that this court should consider the merits of his argument even though he did not object to the Reagan Tokes sentence in the trial court.

{¶ 16} "'It is well established that "the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court"'" *State v. Jenkins*, 8th Dist. Cuyahoga No. 109323, 2021-Ohio-123, ¶ 21, quoting *State v. Alexander*, 12th Dist. Butler No.

CA2019-12-204, 2020-Ohio-3838, ¶ 8, quoting *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, 164 N.E.3d 294, ¶ 7.

{¶ 17} This court has declined to address constitutional challenges to the Reagan Tokes Act when defendants did not object to their sentences or otherwise raise the constitutionality of the act at their sentencing hearing. *See Jenkins* at ¶ 20-24; *State v. White*, 8th Dist. Cuyahoga No. 109652, 2021-Ohio-126, ¶ 6-11; *State v. Hollis*, 8th Dist. Cuyahoga No. 109092, 2020-Ohio-5258, ¶ 47-54; *State v. Stone*, 8th Dist. Cuyahoga No. 109322, 2020-Ohio-5263, ¶ 6-10; and *State v. Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991, ¶ 12-19, *appeal accepted for review*, 162 Ohio St.3d 1410, 2021-Ohio-961, 165 N.E.3d 333 (cause held for decision in *State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150). We therefore decline to address Parsons's constitutional arguments raised for the first time on appeal.

{¶ 18} Although this court has the discretion to review arguments that were not raised in the trial court for plain error, we decline to do so here. As we noted in *Dames*:

> Even if the appellant failed to object to the constitutionality of the statute at the trial-court level, appellate courts may still review a trial court decision for plain error. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. However, in order to review for plain error "we require a showing that there was an error, that the error was plain or obvious, that but for the error the outcome of the proceeding would have been otherwise, and that reversal must be necessary to correct a manifest miscarriage of justice." Dames did not make any plain error showing for this court to review.

*Id.* at ¶ 14; *see also Hollis* at ¶ 50 ("Furthermore, like *Dames*, appellant failed to raise a plain error argument in this appeal, and we decline to construct a plain error argument on appellant's behalf."); *Stone* at ¶ 10 ("In addition to failing to raise a constitutional challenge of the Reagan Tokes Act in the trial court, Stone also has not argued plain error in this appeal.  Thus, we decline to address this issue for the first time on appeal.").

{¶ 19} Accordingly, Parsons's second assignment of error is overruled.

{¶ 20} Judgment is affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

SEAN C. GALLAGHER, A.J., and
EMANUELLA D. GROVES, J.,[2] CONCUR

_____

[2] Judge Emanuella D. Groves joined the dissents by Judge Lisa B. Forbes and Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.