[Cite as *State v. Hicks*, 2022-Ohio-685.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110193 |
| v. | : | |
| DARRYL HICKS, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 10, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-644372-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee*.

Valore & Gordillo LLP and Dean M. Valore, *for appellant*.

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Darryl Hicks ("Hicks"), appeals his sentence.

He raises one assignment of error for our review:

The Reagan Tokes Law is unconstitutional on its face.

{¶ 2} For the reasons set forth below, we affirm the trial court's judgment.

## I. Procedural History

{¶ 3} On March 19, 2020, Hicks pled guilty to the following charges: Count 1, felonious assault, with notice of prior conviction specification, which was amended by the deletion of the one-, three-, and 4.5-year firearm specifications and the repeat violent offender specification; Count 3, felonious assault, with a one-year firearm specification, notice of prior conviction specification, and a repeat violent offender specification, which was amended by the deletion of the three- and 4.5-year firearm specifications; and Count 4, having weapons while under disability, with a one-year firearm specification and forfeiture specification, which was amended by the deletion of the 4.5 year-firearm specification; Count 7, criminal damaging; and Count 8, assault. Counts 2, 5, and 6 were nolled.

{¶ 4} The trial court sentenced Hicks the same day and advised him of the effect of the Reagan Tokes Law on his sentence. As set forth in the trial court's sentencing journal entry:

> The court imposes a prison sentence at the Lorain Correctional Institution of 3 year(s).
>
> Defendant is sentenced to 2 years as to Count 1; Counts 3 and 4 firearm specifications merge for a sentence of 1 year to be served prior to and consecutive to the underlying sentence. Count 3 is qualifying sentence and court imposes minimum prison term of 2 years and maximum prison term of 3 years. As to Count 4, court imposes 1 year prison term, as to Count 7, 90 days and as to Count 8, 180 days. All underlying sentences to run concurrent to each other.
>
> The defendant has a total state prison term of 1 year for the firearm specification to be served prior to and consecutive to the underlying sentencing of a minimum of 2 years and maximum of 3 years.

The court has notified the defendant that pursuant to R.C. 2929.19(B)(2)(C), it is rebuttably presumed that the defendant will be released from service of the sentence on the expiration of the aggregate minimum prison term imposed (and after the service of the specification) or presumptive early release date, whichever is earlier. That the department of rehabilitation and correction may rebut the presumption if it makes specified determinations at a hearing regarding offender's conduct while confined, threat to society, restrictive housing and/or security classification while confined pursuant to R.C. 2967.271, and may then maintain the defendant's incarceration after the expiration of the aggregate minimum prison term for a reasonable time and may make such determinations more than one time up to the aggregate maximum prison term. The trial court can conduct a hearing and find the early release date is rebutted pursuant to 2967.271(F)(1).

{¶ 5} Hicks did not object to the constitutionality of the Reagan Tokes Act at sentencing.

{¶ 6} On December 28, 2020, Hicks filed a motion for a delayed appeal with this court, arguing "ineffective assistance of counsel and Covid[-]19." The state filed an opposition. This court granted Hicks's motion and appointed him counsel.

## II. Reagan Tokes Act

{¶ 7} In this appeal, Hicks challenges the constitutionality of the Reagan Tokes Act as it relates to his sentence. Therefore, our review is limited to this sole assignment of error, in which Hicks argues that the Ohio Revised Code sentencing provisions as enacted by Am.Sub.S.B. No. 201, commonly known as the Reagan Tokes Act, are unconstitutional. He claims that the Reagan Tokes Act violates (1) the constitutional right to a trial by jury, (2) the separation-of-powers doctrine, and (3) due process.

**{¶ 8}** Hicks, however, did not object to his sentence nor did he raise a constitutional challenge to the Reagan Tokes Act at his sentencing hearing. "'It is well established that "the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court."'" *State v. Jenkins*, 8th Dist. Cuyahoga No. 109323, 2021-Ohio-123, ¶ 21, quoting *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8, quoting *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, 164 N.E.3d 294, ¶ 7.

**{¶ 9}** This court has declined to address constitutional challenges to the Reagan Tokes Act when defendants did not object to their sentences or otherwise raise the constitutionality of the act at their sentencing hearing. *See Jenkins* at ¶ 20-24; *State v. White*, 8th Dist. Cuyahoga No. 109652, 2021-Ohio-126, ¶ 6-11; *State v. Hollis*, 8th Dist. Cuyahoga No. 109092, 2020-Ohio-5258, ¶ 47-54; *State v. Stone*, 8th Dist. Cuyahoga No. 109322, 2020-Ohio-5263, ¶ 6-10; and *State v. Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991, ¶ 12-19, *appeal accepted for review*, 162 Ohio St.3d 1410, 2021-Ohio-961, 165 N.E.3d 333 (cause held for decision in *State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150). We therefore decline to address Hicks's constitutional arguments raised for the first time on appeal.

**{¶ 10}** Although this court has the discretion to review arguments that were not raised in the trial court for plain error, we decline to do so here. As we noted in *Dames*:

Even if the appellant failed to object to the constitutionality of the statute at the trial-court level, appellate courts may still review a trial court decision for plain error. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. However, in order to review for plain error "we require a showing that there was an error, that the error was plain or obvious, that but for the error the outcome of the proceeding would have been otherwise, and that reversal must be necessary to correct a manifest miscarriage of justice." Dames did not make any plain error showing for this court to review.

*Id.* at ¶ 14; *see also Hollis* at ¶ 50 ("Furthermore, like *Dames*, appellant failed to raise a plain error argument in this appeal, and we decline to construct a plain error argument on appellant's behalf."); *Stone* at ¶ 10 ("In addition to failing to raise a constitutional challenge of the Reagan Tokes Act in the trial court, Stone also has not argued plain error in this appeal. Thus, we decline to address this issue for the first time on appeal.").

{¶ 11} Accordingly, Hicks's sole assignment of error is overruled.

{¶ 12} Judgment is affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
LISA B. FORBES, J., CONCUR


N.B.   Judge Anita Laster Mays is constrained to apply *Delvallie*'s en banc decision. For a full explanation of this writer's analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470.

Judge Lisa B. Forbes is also constrained to apply *Delvallie*.  For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).