[Cite as *State v. Winkler*, 2022-Ohio-702.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109420 |
| v. | : | |
| CHANCELLOR WINKLER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 10, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-642632-B

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James Gallagher, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Chancellor Winkler ("Winkler") appeals his prison sentence, alleging that the Reagan Tokes Law is unconstitutional. After reviewing the facts of the case and the pertinent law, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 2} On December 18, 2019, Winkler entered a guilty plea to aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony, and felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony.

{¶ 3} On December 19, 2019, the trial court sentenced Winkler under the Reagan Tokes Law to a "minimum prison term of 3 year(s) and a maximum prison terms of 4 year(s), 6 month(s)" on the aggravated burglary, after merging Winkler's two convictions. The court sua sponte found the statute unconstitutional, sentenced Winkler under the statute, and appointed appellate counsel for the specific purpose of appealing the constitutionality of the statute, thus preserving this issue for appeal.

{¶ 4} It is from this sentence that Winkler appeals alleging the following assignment of error: "As amended by the Reagan Tokes [Law], the Revised Code's sentences for first and second degree qualifying felonies violate the Constitutions of the United States and the state of Ohio." Specifically, Winkler argues that the Reagan Tokes Law is unconstitutional because it violates the right to trial by jury, the separation-of-powers doctrine, and the right to due process.

## II. Law and Analysis

{¶ 5} Winkler's assignment of error is overruled pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470.

{¶ 6} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
ANITA LASTER MAYS, P.J., DISSENTS (WITH SEPARATE OPINION)

N.B. The author of this opinion is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).

ANITA LASTER MAYS, J., DISSENTING:

{¶ 7} I respectfully dissent with the majority's opinion because I would not address the Reagan Tokes Act assigned error in this case.

{¶ 8} The record reveals that the trial judge sua sponte determined that sentencing under Reagan Tokes was unconstitutional but this was not argued by trial counsel. Therefore, I would find that Winkler did not raise the issue of the constitutionality of the Reagan Tokes Act in the trial court. "In general, the failure to raise an issue in the trial court, forfeits the issue on appeal." *State v. Young*, 8th Dist. Cuyahoga No. 108868, 2020-Ohio-4135, ¶ 10, citing *Broadview Hts. v. Misencik*, 8th Dist. Cuyahoga No. 100196, 2014-Ohio-1518, ¶ 19.

{¶ 9} "It is well established that '"the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal

prosecution, this means in the trial court.""" *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8, quoting *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, ¶ 7, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986).

{¶ 10} By not first raising the issue with the trial court, Winkler's arguments challenging the constitutionality of the Reagan Tokes Act are forfeited and will not be heard for the first time on appeal. *State v. Ponyard*, 8th Dist. Cuyahoga No. 101266, 2015-Ohio-311, ¶ 7. *See also State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 2. ("The failure to challenge the constitutionality of a statute in the trial court forfeits all but plain error on appeal, and the burden of demonstrating plain error is on the party asserting it.").

{¶ 11} Furthermore,

"[w]e may review the trial court decision for plain error, but we require a showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice." (Citation omitted.) *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. "The burden of demonstrating plain error is on the party asserting it." *Id.*

*State v. Conant*, 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶ 39.

{¶ 12} In addition to failing to raise a constitutional challenge of the Reagan Tokes Act in the trial court, Winkler also has not argued plain error in this appeal. Consequently, I would decline to address this issue for the first time on appeal. *See Young*, 8th Dist. Cuyahoga No. 108868, 2020-Ohio-4135, at ¶ 21. *See also State v. Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991, ¶ 19 ("Given the lack of

presentment to the trial court and the absence of plain error arguments, we decline

to address the constitutionality of the Reagan Tokes Act as to this case.").