[Cite as *State v. Fontanez*, 2023-Ohio-312.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :              Nos. 111582, 111584,
                                                        111585, 111586, and
    v.                                      :              111587

JUAN FONTANEZ,                          :

    Defendant-Appellant.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 2, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-659264-C, CR-21-657923-A, CR-21-657916-B,
CR-21-657668-C, and CR-21-661882-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alicia Harrison, Assistant Prosecuting Attorney, *for appellee.*

Michael P. Maloney, *for appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Juan Fontanez ("appellant") appeals his sentence from the Cuyahoga County Court of Common Pleas, arguing that it is unconstitutional. After

a thorough review of the facts and applicable law, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} This appeal arises from appellant's convictions and sentencing across five cases.[1] Appellant pled guilty to the following charges:

**CR-21-659264-C**

One count of failure to comply, a fourth-degree felony;

One count of having weapons while under disability, a third-degree felony; and

One count of improper handling of firearms in a motor vehicle, a fourth-degree felony.

**CR-21-657916-B**

One count of having weapons while under disability, a third-degree felony.

**CR-21-661882-A**

One count of drug possession, a felony of the fifth degree.

**CR-21-657923-A**

One count of aggravated robbery, a first-degree felony, with accompanying three-year firearm specification.

One count of having weapons while under disability, a third-degree felony.

**CR-21-657668-C**

One count of participation in a criminal gang, a second-degree felony;

---

[1] The underlying substantive facts of this case are not relevant to the issues raised in this appeal.

One count of improperly discharging a firearm into habitation, a second-degree felony, along with a three-year firearm specification;

One count of improperly discharging a firearm into habitation, a second-degree felony; and

Two counts of having weapons while under disability, both third-degree felonies.

{¶ 3} Pursuant to the plea agreement, appellant faced a sentencing range of 9 to 12 years. The trial court agreed to sentence appellant within that range and advised him that the Reagan Tokes Law applied to his first- and second-degree felonies.

{¶ 4} The court sentenced appellant to 24 months on CR-21-659264; 24 months on CR-21-657916; 12 months on CR-21-661882; five to seven and one-half years on CR-21-657923; and five to seven and one-half years on CR-21-657668. The sentences for each case were to run concurrently, with the two three-year sentences for the firearm specifications to run first and then the five to seven and one-half-year sentences under the Reagan Tokes Law to follow for a total of 11 to 13 ½ years in prison.

{¶ 5} Appellant then filed the instant appeal, raising one assignment of error for our review:

The indefinite sentence imposed upon appellant under the Ohio Reagan Tokes Act was unconstitutional, imposed in violation of the separation of powers doctrine.

## II. Law and Analysis

{¶ 6} In this appeal, appellant challenges the constitutionality of the Reagan Tokes Law as it relates to his sentences in cases CR-21-657923 and CR-21-657668.

Therefore, our review is limited to this sole assignment of error, in which appellant argues that the Ohio Revised Code sentencing provisions as enacted by Am.Sub.S.B. No. 201, commonly known as the Reagan Tokes Law, are unconstitutional. He claims that the Reagan Tokes Law violates the separation-of-powers doctrine.

{¶ 7} Appellant, however, did not object to his sentence nor did he raise a constitutional challenge to the Reagan Tokes Law at his sentencing hearing. "'It is well established that "the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court."'" *State v. Jenkins*, 8th Dist. Cuyahoga No. 109323, 2021-Ohio-123, ¶ 21, quoting *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8, quoting *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, 164 N.E.3d 294, ¶ 7.

{¶ 8} This court has declined to address constitutional challenges to the Reagan Tokes Law when defendants did not object to their sentences or otherwise raise the constitutionality of the act at their sentencing hearing. *See Jenkins* at ¶ 20-24; *State v. White*, 8th Dist. Cuyahoga No. 109652, 2021-Ohio-126, ¶ 6-11; *State v. Hollis*, 8th Dist. Cuyahoga No. 109092, 2020-Ohio-5258, ¶ 47-54; *State v. Stone*, 8th Dist. Cuyahoga No. 109322, 2020-Ohio-5263, ¶ 6-10. However, "[e]ven if the appellant failed to object to the constitutionality of the statute at the trial-court level, appellate courts may still review a trial court decision for plain error." *State v. Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991, ¶ 14, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. In order

to review for plain error "we require a showing that there was an error, that the error was plain or obvious, that but for the error the outcome of the proceeding would have been otherwise, and that reversal must be necessary to correct a manifest miscarriage of justice." *Buttery* at ¶ 7.

{¶ 9} Appellant concedes that this court has found the Reagan Tokes Law to be constitutional but states that he wishes to preserve the issue raised as the litigation relating to the law makes its way through Ohio courts. Indeed, this court has conducted en banc review of the constitutionality of the Reagan Tokes Law. *See State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 356 (8th Dist.). In *Delvallie*, we determined "that the Reagan Tokes Law, as defined under R.C. 2901.011, is not unconstitutional." *Delvallie* at ¶ 17. This court specifically overruled the separation-of-powers challenge advanced by appellant and consequently, we need not dwell on it.

{¶ 10} Appellant's sole assignment of error is overruled.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR


N.B. Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.