[Cite as *State v. Santana*, 2023-Ohio-616.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 111842 |
| VICTOR L. SANTANA, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 2, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-668112-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jonathan Block, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Victor L. Santana ("Santana"), appeals his indefinite felony sentence and claims the following error:

The trial court committed plain error when it found S.B. 201 to be constitutional and imposed an indefinite sentence pursuant to S.B. 201.

{¶ 2} We affirm.

## I. Facts and Procedural History

{¶ 3} Santana pleaded guilty to one count of felonious assault, a first-degree felony, in violation of R.C. 2903.11(A)(1), with a one-year firearm specification; one count of domestic violence, a first-degree misdemeanor, in violation of R.C. 2919.25; and one count of violating a protection order, a first-degree misdemeanor, in violation of R.C. 2919.27(A)(1).

{¶ 4} The trial court sentenced Santana to a one-year prison term on the firearm specification, to be served prior to and consecutive with a minimum prison term of seven years and a maximum prison term of ten and one-half years on the underlying felonious assault conviction. The court also imposed six-month prison terms on each of the two misdemeanor convictions, to be served concurrently with the sentence imposed on the felonious assault conviction for a total prison term of eight to eleven and one-half years.

{¶ 5} Santana now appeals his sentence.

## II. Law and Analysis

{¶ 6} In the sole assignment of error, Santana argues the trial court erred by imposing an indefinite prison sentence pursuant to the Reagan Tokes Law. He contends the Reagan Tokes Law is unconstitutional because it violates his right to a jury trial, the separation-of-powers doctrine, and his right to due process under the Ohio and United States Constitutions.

**{¶ 7}** Santana did not object to his sentence nor did he raise a constitutional challenge to the Reagan Tokes Law at the sentencing hearing. "'It is well established that "the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court.'"" *State v. Jenkins*, 8th Dist. Cuyahoga No. 109323, 2021-Ohio-123, ¶ 21, quoting *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8, quoting *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, 164 N.E.3d 294, ¶ 7.

**{¶ 8}** This court has declined to address constitutional challenges to the Reagan Tokes Law when defendants did not object to their sentences or otherwise raise the constitutionality of the act at their sentencing hearing. *See Jenkins* at ¶ 20-24; *State v. White*, 8th Dist. Cuyahoga No. 109652, 2021-Ohio-126, ¶ 6-11; *State v. Hollis*, 8th Dist. Cuyahoga No. 109092, 2020-Ohio-5258, ¶ 47-54; *State v. Stone*, 8th Dist. Cuyahoga No. 109322, 2020-Ohio-5263, ¶ 6-10.

**{¶ 9}** Santana nevertheless requests that we review his sentence for plain error. And, appellate courts may review a trial court's decision for plain error even if the defendant failed to object to the constitutionality of the statute at trial. *State v. Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991, ¶ 14, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. We, therefore, review Santana's sentence for plain error.

**{¶ 10}** Consistent with the well-established precedent of this court, we find no error, plain or otherwise. The question of whether the Reagan Tokes Law is constitutional was decided in this court's en banc opinion in *State v. Delvallie*, 2022-

Ohio-470, 185 N.E.3d 536 (8th Dist.).  In that case, this court found "that the Reagan Tokes Law, as defined under R.C. 2901.011, is not unconstitutional," and reaffirmed the principles established in *State v. Gamble*, 2021-Ohio-1810, 173 N.E.3d 132 (8th Dist.); *State v. Simmons*, 2021-Ohio-939, 169 N.E.3d 728 (8th Dist.); and *State v. Wilburn*, 2021-Ohio-578, 168 N.E.3d 873 (8th Dist.).  *Delvallie* at ¶ 17.  Because Santana does not raise any novel arguments left unaddressed by the *Delvallie* decision, we find the constitutional challenges presented in this appeal are without merit.

{¶ 11} The sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

ANITA LASTER MAYS, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR

N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.

Administrative Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision.  For a full explanation of her analysis, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 356 (8th Dist.).  (Laster Mays, J., concurring in part and dissenting in part.)