[Cite as *State v. Gilmer*, 2022-Ohio-821.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                               :

    Plaintiff-Appellee,                    :

                               No. 110649

    v.                                                :

MICHAEL S. GILMER,                       :

    Defendant-Appellant.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 17, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-648045-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Eric Collins, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Michael S. Gilmer ("Gilmer") appeals his sentence and the constitutionality of the Reagan Tokes Act ("Reagan Tokes"). Gilmer asks this court to remand to the trial court for resentencing and hold Reagan

Tokes unconstitutional. We affirm Gilmer's sentence and further hold Reagan Tokes to be constitutional.

{¶ 2} Gilmer pleaded guilty to one count of burglary, a second-degree felony, in violation of R.C. 2911.12(A)(1), along with a one-year firearms specification; one count of robbery, a second-degree felony, in violation of R.C. 2911.02(A)(1), along with a one-year firearms specification; one count of abduction, a second-degree felony, in violation of R.C. 2905.02(A)(2); and one count of theft, a fifth-degree felony, in violation of R.C. 2913.02(A)(1). The trial court sentenced Gilmer to a total of six years' imprisonment. The trial court also imposed a sentence of up to 30 months under Reagan Tokes.

{¶ 3} Gilmer's trial counsel did not object to the sentencing at the hearing, and Gilmer filed this timely appeal assigning two assignments of error for our review:

I.      The indefinite sentencing scheme set forth in the Reagan Tokes Law and imposed by the trial court in this case violates the federal and state constitutions; and

II.     Gilmer was denied his right to effective assistance of counsel as protected by the Sixth and Fourteenth Amendments to the United States Constitution and by Article I, Section 10 of the Ohio Constitution when his attorney did not object to the application of the unconstitutional Reagan Tokes Law.

## I.      The Constitutionality of Reagan Tokes

{¶ 4} Gilmer argues that the indefinite sentencing scheme set forth in Reagan Tokes violates the right to trial by jury, separation-of-powers doctrine, and his due process rights for failure of sufficient notice. Gilmer did not raise these

issues before the trial court. "'It is well established that 'the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court.''" *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8, citing *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, 164 N.E.3d 294, ¶ 7, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986).

**{¶ 5}** By not first raising the issue with the trial court, Gilmer's arguments challenging the constitutionality of the Reagan Tokes Act are forfeited and will not be heard for the first time on appeal. *State v. Ponyard*, 8th Dist. Cuyahoga No. 101266, 2015-Ohio-311, ¶ 7. *See also State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 2 ("The failure to challenge the constitutionality of a statute in the trial court forfeits all but plain error on appeal, and the burden of demonstrating plain error is on the party asserting it."). *Ponyard* at ¶ 7. *See, e.g., State v. Jenkins*, 8th Dist. Cuyahoga No. 109323, 2021-Ohio-123, ¶ 23.

**{¶ 6}** "This court has recently declined to address constitutional challenges to the Reagan Tokes Act when defendants did not object to their sentences or otherwise raise the constitutionality of the act at their sentencing hearing." *Jenkins* at ¶ 22. *See State v. Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991, ¶ 12-19; *State v. Hollis*, 8th Dist. Cuyahoga No. 109092, 2020-Ohio-5258, ¶ 47-54; *State v. White*, 8th Dist. Cuyahoga No. 109652, 2021-Ohio-126, ¶ 9, and *State v. Stone*, 8th Dist. Cuyahoga No. 109322, 2020-Ohio-5263, ¶ 6-10.

**{¶ 7}** However, because Gilmer argues that the trial court's sentence constitutes plain error,

> "[w]e may review the trial court decision for plain error, but we require a showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice." *Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, at ¶ 16. "The burden of demonstrating plain error is on the party asserting it." *Id.*

*State v. Conant*, 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶ 39.

**{¶ 8}** Gilmer has not demonstrated that the trial court's decision constitutes plain error because this court recently held in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, ¶ 17, that "the Reagan Tokes Law, as defined under R.C. 2901.011, is not unconstitutional * * *."

**{¶ 9}** With respect to the separation-of-powers doctrine,

> [t]he Reagan Tokes Law does not violate any separation-of-powers safeguard because the executive branch has always possessed the authority to determine parole, parole revocation, or sentencing-release matters under an indefinite sentencing scheme after the trial court imposes the minimum and maximum terms. *See* R.C. 2967.12 and 2967.16 (executive branch authorized to grant final release of the offender following adherence to the terms of parole). R.C. 2929.144, 2929.14(A)(1)(a) and (A)(2)(a), and R.C. 2967.271 do not stray from the sentencing structure already in place under Ohio law.

*Id.* at ¶ 37. Additionally, this court also held that Reagan Tokes does not violate a defendant's due process rights. *See id.* at ¶ 45-69.

**{¶ 10}** Therefore Gilmer's first assignment of error is overruled.

## II.    Ineffective Assistance of Counsel

### A.    Standard of Review

**{¶ 11}** "A claim of ineffective assistance of counsel is judged using the standard announced in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *State v. Sims*, 8th Dist. Cuyahoga No. 109335, 2021-Ohio-4009, ¶ 21, citing *State v. Bradley*, 42 Ohio St. 3d 136, 538 N.E.2d 373 (1989). "'Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.'" *Id.*, quoting *Bradley*, at paragraph two of the syllabus.

### B.    Law and Argument

**{¶ 12}** Gilmer argues that his trial counsel's assistance was ineffective because trial counsel failed to raise a constitutional challenge to Gilmer's sentence at the sentencing hearing. However, because this court has held that Reagan Tokes is not unconstitutional, trial counsel's objections would be moot. *See, e.g., State v. Mathis*, 8th Dist. Cuyahoga No. 107365, 2019-Ohio-3654, ¶ 48, quoting *State v. Mitchell*, 53 Ohio App.3d 117, 119, 559 N.E.2d 1370 (8th Dist.1988) ("[A] trial attorney does not violate any substantial duty in failing to make futile objections."). In addition to demonstrating that counsel's performance fell below the objective standard of reasonable representation, Gilmer must demonstrate that he was prejudiced by the performance and the results of the sentencing hearing would have

been different. *See State v. Fisher,* 8th Dist. Cuyahoga No. 108494, 2020-Ohio-670, ¶ 21.

**{¶ 13}** Gilmer has not demonstrated that he was prejudiced by trial counsel's performance or the results would have been different if his trial counsel objected to the sentencing, as the constitutionality of Reagan Tokes has been determined.

**{¶ 14}** Therefore, Gilmer's second assignment of error is overruled.

**{¶ 15}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EMMANUELLA D. GROVES, J., CONCUR


N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Laster Mays, P.J., concurring in part and dissenting in part).

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.